IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LONNY BRISTOW | ) | CASE NO. 1:09MC00090 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| LISA WHITE, *et al.* | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

Plaintiff *pro se* Lonny Bristow, an inmate at the Southern Ohio Correctional Facility in Lucasville, Ohio, brought this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983, against defendants Lisa White ("White"), the Scioto County Clerk of Court, the Honorable W. Scott Krichbaum, Mahoning County Common Pleas Court Judge ("Judge Krichbaum"), K. Shubert ("Shubert"), Scioto County Deputy Clerk of Court, the Honorable William T. Marshall ("Judge Marshall"), Scioto County Common Pleas Court Judge and the Honorable Russell B. Wiseman ("Judge Wiseman"), Crawford County Common Pleas Judge, in the United States District Court for the Southern District of Ohio. The claims against all defendants except Judge Wiseman were dismissed by Judge S. Arthur Spiegal, United States District Judge for the Southern District of Ohio. Judge Krichbaum was dismissed as a party defendant on the ground that the section 1983 claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), wherein the United States Supreme Court held, that if a judgment rendered in an inmate's favor would necessarily imply that his conviction or sentence was invalid, the complaint for damages under section 1983 must be dismissed. Claims for damages and injunctive relief against Judge Marshall and Judge Wiseman were dismissed on

grounds of judicial immunity. Also, Bristow's claims against White and Shubert were held to be barred by absolute judicial immunity, and his claim for declaratory relief against these defendants was held to be without merit. A claim for declaratory relief remained against Judge Wiseman that the court determined to be separate from the claims against the other defendants who reside in Scioto County, Ohio, and as to which joinder under Rule 20(a) of the Fed. R. Civ. P. was inappropriate. The court severed the remaining claim under Rule 21, Fed. R. Civ. P., and transferred the case to the United States District Court for the Northern District of Ohio where Judge Wiseman resides and where the claim arose.

The following facts were taken from Bristow's amended complaint. On June 1, 1998, as part of a plea agreement in the Common Pleas Court of Crawford County, Ohio, Bristow agreed to be declared a vexatious litigator under Ohio Revised Code ("ORC") 2323.52(F) which provides:

> A person who is subject to an order entered pursuant to division (D)(1) of this section and who seeks to institute or continue any legal proceedings in a court of appeals or to make an application, other than an application for leave to proceed under division (F)(2) of this section, in any legal proceedings in a court of appeals shall file an application for leave to proceed in the court of appeals in which the legal proceedings would be instituted or are pending. The court of appeals shall not grant a person found to be a vexatious litigator leave for the institution or continuance of, or the making of an application in, legal proceedings in the court of appeals unless the court of appeals is satisfied that the proceedings or application are not an abuse of process of the court and that there are reasonable grounds for the proceedings or application.

Under his plea agreement, Bristow must seek leave prior to "instituting legal proceedings in any Ohio court." He asserts that he was told during the criminal proceedings that, despite his plea agreement, there "would be no question" that he could proceed with any legitimate lawsuit, as long as he first sought leave to do so. He now must seek leave from the Crawford County Common Pleas Court prior to "instituting legal proceedings" in an Ohio court of common pleas, county court,

2

municipal court or court of claims and, under ORC 2323.52(F), in an Ohio court of appeals. In *Mayer v. Bristow*, 91 Ohio St.3d 3, 15 (2000), an action filed by Bristow in the Ohio Supreme Court, that court held that mandamus is an appropriate means by which a vexatious litigator may effectively challenge arbitrary denials of leave. Bristow asserts that Judge Wiseman ordered the clerk of court of Crawford County to refuse to accept any paper for filing from Bristow until he pays $3000.00 for criminal court costs. Apparently, he is alleging that Judge Wiseman's order declaring him to be a vexatious litigator caused the clerk of court of the Ohio Court of Appeals for the Third District to refuse the filing of his mandamus action. Bristow states that Judge Wiseman has unlawfully and completely shut off his access to the Ohio courts and has denied him any ability to challenge Judge Wiseman's actions in the Court of Appeals. Bristow claims that Judge Wiseman's actions deprived of his constitutional rights to petition the government for redress of grievances, freedom of expression, due process and access to courts.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). For the following reasons, the Court finds the claim asserted in this action satisfies these criterion.

United States District Courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur

in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak Park*, 1999 WL 801562 * 2 (6th Cir. Sept. 28, 1999); *see also, Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United Circuit Court of Appeals for the Sixth Circuit uses a two-pronged inquiry when assessing whether Rooker-Feldman bars a particular claim or cause of action. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine bars a district court from exercising jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case, rather than a general constitutional challenge to the governing state law. *Id.*; *Tropf*, 289 F.3d at 937.

In *Evans v. Cordray*, 2009 WL 2446888 (S.D. Ohio Aug, 7, 2009), a divorce case, the court held that, under the Rooker-Feldman doctrine, a federal district court does not have jurisdiction over a suit brought by a party who has been declared a vexatious litigator in an Ohio state court and who seeks review of that determination or challenges the constitutionality of the statute as applied to him. *See Petway v. Lucci,* 2007 WL 4299163 * 2 (N.D. Ohio Dec. 5, 2007)(pursuant to the Rooker-Feldman Doctrine, a United States District Court does not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional); *Rickels v. Cupp,* 2006 WL 2864364 * 3 (N.D. Ohio Oct. 4, 2006)(same).

Bristow's case concerns an Ohio court's order relating to his vexatious litigator status. He demands that this Court review a state court order and declare it to be unconstitutional as applied to him. He does not appear to be asserting a general constitutional challenge to the state vexatious litigator statute, ORC 2323.52. *See Evans v. Cordray*, 2009 WL 2628280 * 2 (S.D. Ohio Aug. 25, 2009). In fact, ORC 2323.52 has been found to be constitutional by this court, *Grundstein v. Ohio*, 2006 WL 3499990 (N.D. Ohio Dec. 5, 2006), and the undersigned is aware of no authority to the contrary. *See also Mayer*, 91 Ohio St.3d at 16. Therefore, pursuant to Rooker-Feldman, this Court lacks jurisdiction over Bristow's claim.

Accordingly, this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                                s/ Kathleen M. O'Malley
                                                JUDGE KATHLEEN M. O'MALLEY
                                                UNITED STATES DISTRICT JUDGE

DATED:  January 19, 2010